**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS ANTHONY MANNA,            :
                                         Civil Action No. 09-1185 (RBK)
      Petitioner,         :

      v.                  :   **OPINION**

WARDEN PAUL SCHULTZ,            :

      Respondent.         :

**APPEARANCES**:

Petitioner <u>pro se</u>
Louis Anthony Manna
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**BUMB**, District Judge

    Petitioner Louis Anthony Manna, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The sole respondent is Warden Paul Schultz.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that this Court lacks jurisdiction over this Petition, it will be dismissed without prejudice. See 28 U.S.C. § 2243.

## I. BACKGROUND

In 1989, a jury found Petitioner guilty, among other offenses, of RICO offenses involving predicate violations of the Hobbs Act (extortion) and the Taft-Hartley Act (bribery), organized gambling, and three separate murders relating to the affairs of the Genovese crime family. Petitioner was sentenced to an aggregate term of eighty years' imprisonment. See United States v. Manna, Criminal No. 97-2034 (D.N.J.). Petitioner has spent much of the intervening twenty years challenging this conviction by various means.

The Court of Appeals for the Third Circuit affirmed Petitioner's conviction without opinion. United States v. Manna, 919 F.2d 733 (3d Cir. 1990) (table). The Supreme Court of the United States denied certiorari. Manna v. United States, 499 U.S. 949 (1991).

On April 21, 1997, Petitioner filed a Motion to vacate, set aside, or correct illegal sentence, pursuant to 28 U.S.C. § 2255. See Manna v. United States, Civil No. 97-2034 (D.N.J.).[2] The

---

[2] This Court will take judicial notice of the dockets of other federal cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another

claims asserted included ineffective assistance of trial counsel and various claims of misconduct by the police and prosecution, including alleged Brady[3] violations. By Opinion and Order entered January 29, 1998, the trial court denied the Motion on the merits. Petitioner moved for reconsideration, submitting "hundreds upon hundreds of pages of various memoranda, declarations, and exhibits." (August 3, 1999, Opinion of Judge Maryanne Trump Barry at 3.) After completing an extensive review of Petitioner's arguments and voluminous supporting documentation, Judge Barry denied the motion for reconsideration on August 3, 1999. On October 31, 2000, the Court of Appeals denied Petitioner's application for a certificate of appealability. Manna v. United States, No. 98-5131 (3d Cir.).

---

court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[3] The prosecution in a criminal matter has a constitutional obligation to disclose material exculpatory evidence to the defendant. See Brady v. Maryland, 373 U.S. 83 (1967); Giglio v. United States, 405 U.S. 150, 154 (1972) ("A finding of materiality of the evidence is required under Brady."). Exculpatory evidence is considered material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Strickler v. Greene, 527 U.S. 263, 280 (1999) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). Nondisclosure merits relief only if the prosecution's failure "'undermines confidence in the outcome of the trial.'" Kyles v. Whitly, 514 U.S. 419, 434 (1995) (quoting Bagley, 473 U.S. at 678).

3

Thereafter, the Supreme Court denied certiorari. Manna v. United States, 532 U.S. 1009 (2001).

On September 4, 2003, Petitioner filed in his previously closed § 2255 proceeding a motion which he characterized as a "Motion for Discovery In Connection With Proceeding Pursuant to 28 U.S.C. § 2255." In that motion, Petitioner alleged that Judge Barry had received an FBI report after the jury verdict against Petitioner was entered, but before sentencing, asserting that an informant had advised the FBI that Petitioner was involved in a plot to murder Judge Barry. Petitioner argued that Judge Barry should have revealed the information to Petitioner's counsel and recused herself from sentencing Petitioner. Because Judge Barry had been appointed to the Court of Appeals, the motion was assigned to the Honorable William J. Martini.

Judge Martini determined that the motion was not, as urged by Petitioner, ancillary to the original § 2255 motion, but was instead a new and separate motion. Judge Martini denied the motion on the ground that it was barred by the one-year limitations period imposed by 28 U.S.C. § 2255(4), because the information on which Petitioner based his motion was discovered more than one year prior to the date when he filed the motion. Manna v. United States, Civil No. 97-2034 (D.N.J.) (June 29, 2004 Opinion at 5).

Denying Petitioner's application for a certificate of appealability, and treating the motion as a Rule 60(b)(6) motion for relief from judgment rather than a new § 2255 motion, the Court of Appeals held:

> The foregoing request for a certificate of appealability is denied. A certificate of appealability may issue only on a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). We can deny a certificate of appealability on any ground with support on the record. See Szuchon v. Lehman, 273 F.3d 299, 318 n. 8 (3d Cir. 2001). Because Appellant's motion to compel discovery anticipated an attack on "the manner in which the earlier habeas judgment was procured" it implicated Fed.R.Civ.P. 60(b)(6). Claims brought pursuant to Rule 60(b)(6) must be made within a "reasonable time." Appellant's claim, filed over thirteen months after the alleged judicial impropriety was discovered, was not brought within a reasonable period of time. Cf. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988) (regarding the timeliness of recusal motions in closed litigation).

Manna v. United States, No. 04-4282 (3d Cir. April 20, 2005).

On August 16, 2005, again in the previously closed § 2255 action, Petitioner filed a second motion for relief from judgment. This motion was assigned to the Honorable Dickinson R. Debevoise. The motion for relief from judgment was "a greatly fleshed out version of the motion before Judge Martini, relying upon the threat to Judge Barry and her asserted bias, but also relying upon the vast array of alleged governmental improprieties alleged in prior proceedings." United States v. Manna, Civil No. 97-2034, 2006 WL 3063456, at *9 (D.N.J. Oct. 25, 2006). Judge Debevoise noted that Petitioner's application carried the

5

appearance of both a § 2255 motion, in that it attacked the underlying conviction, and a Rule 60(b)(6) motion, in that it attacked the manner in which the earlier § 2255 motion had been decided. To the extent construed as a Rule 60(b)(6) motion, the motion was time-barred, as held earlier by the Court of appeals with respect to the prior motion. In the alternative, to the extent construed as a § 2255 motion, the "second or successive" motion could not be brought absent authorization from the Court of Appeals. Accordingly, on October 25, 2006, the court dismissed the motion with prejudice. On June 28, 2007, for essentially the reasons explained by the District Court, the Court of Appeals denied a certificate of appealability. See Manna v. United States, No. 06-4788 (3d Cir. June 28, 2007).

While the appeal of the previous motion was pending, Petitioner filed an original application in the Court of Appeals for leave to file a second § 2255 motion. In re Manna, No. 07-2456 (3d Cir.). On June 18, 2007, the Court of Appeals denied the application.

On March 13, 2009, this Court received this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and accompanying Memorandum of Law. Here, Petitioner alleges that he is "actually innocent" of the crimes of which he was convicted. He relies on the same information that formed the basis of his previous motions. He alleges that he should be permitted to

proceed under § 2241 because the motion under § 2255 was "inadequate and ineffective" to test the legality of his detention in that he was not able to file a second § 2255 motion based upon information obtained after the first § 2255 was denied.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773

7

F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

### III. ANALYSIS

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed a direct appeal, a previous § 2255 motion, and previous motions for relief from judgment, because he is "actually innocent" and because relief under § 2255 now is barred and, thus, is "inadequate or ineffective." <u>Cf.</u> <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997). He contends further that § 2255 is "inadequate or ineffective" because its gatekeeping provisions have prevented a hearing on the merits of his claim of actual innocence.

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255. In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the

9

remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. To the contrary, he explicitly seeks to avoid the gatekeeping requirements of § 2255, which strictly limit the circumstances under which a prisoner can file a second or successive motion. Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application

10

of the safety-valve language of § 2255 rather than its gatekeeping requirements. Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to succeed in his prior motions or because he failed to timely present certain claims in his prior § 2255 motion or motion for relief from judgment.

Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[4] 28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

---

[4] Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

11

Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting "second or successive" petitions based upon newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. Moreover, the Court of Appeals for the Third Circuit has already denied Petitioner leave to file a second § 2255 motion. Accordingly, it does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Third Circuit.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

Renée Marie Bumb
United States District Judge

Dated: 10/20/09